UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES TRAYLOR,

        Petitioner,

Case No. 4:03-CV-26

v.

Hon. Richard Alan Enslen

JANETTE PRICE,

**OPINION**

        Respondent.
_____/

      There are certain cases in which a petition for writ of habeas corpus is a rather empty ritual of a prisoner with a lengthy sentence and much time at his disposal. This is not one of them. In this case, Petitioner James Traylor forthrightly challenges his state court conviction for second degree murder premised on the prosecution's misconduct in asking aloud where was an alibi witness who the prosecution knew was not available for trial. The prosecution continued the misconduct during closing argument after the trial judge had sustained an objection on the point, thus requiring the trial judge to give a curative instruction to the jury to not convict the Petitioner because of a failure to present evidence of innocence. Though what the prosecutor did was indefensible, this Court also shares the Magistrate Judge's conclusion that this legal error does not warrant habeas relief because multiple witnesses placed Petitioner at the scene of the crime and away from the place of the supposed alibi. For this reason, habeas relief must be denied.

    **BACKGROUND**

      This matter is before the Court to review United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of August 29, 2005, which denied Petitioner habeas relief. His habeas

Petition asserts two issues: first, whether the prosecution's comments about the absence of the alibi witness violated his due process rights; and second, whether the trial court erred in not instructing the jury that it could return a guilty verdict on the lesser cognate offense of assault with intent to do great bodily harm less than murder.

This Court has reviewed the 19-page Report and the fine statement of the trial proceedings found at pages two through six of the Report. To avoid unnecessary repetition, the Court now adopts those factual statements by reference.

### **LEGAL STANDARDS**

Under 28 U.S.C. § 636, objections to a magistrate judge's report and recommendation are afforded *de novo* review. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Under 28 U.S.C. § 2254(d), a writ of habeas corpus may not be granted unless the state court's adjudication,

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Section 2254(d)(1) was interpreted by the United States Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), which said:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently

than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 512-13 (setting forth the decision of the Supreme Court as to Part II). *See also Yarborough v. Alvarado,* 541 U.S. 652, 663-64 (2004) (stating, with regard to "reasonableness," general rules are to be applied generally and specific rules specifically).

As stated by the Sixth Circuit Court of Appeals, the statute overall allows relief only in four instances:

1. [The state court] "[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,"

2. the state-court decision "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;"

3. "the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;"

4. the state court "either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001) (citations and footnotes omitted).

## LEGAL ANALYSIS

### 1. Prosecutorial Misconduct

As intimated above, the heart of this habeas petition is the claim concerning prosecutorial misconduct. As noted, this case did not involve a simple flaunting of the defendant's right to remain silent, as in *Griffin v. California*, 380 U.S. 609 (1965), but the more complex situation of how to treat the right to remain silent when the defendant takes the witness stand, *see Brown v. United*

*States*, 356 U.S. 148, 155-56 (1958). The Supreme Court long ago in *dicta* defended such "missing witness" arguments in *Graves v. United States*, 150 U.S. 118, 121 (1893), though this was long before *Griffin*. More recently, the Ninth Circuit in *United States v. Leon-Gonzalez*, No. 00-50698, 2001 WL 1485876, *1 (9th Cir. Nov. 21, 2001), confronted a similar situation. In *Leon-Gonzales*, the Ninth Circuit held that the prosecution's comment about an unavailable alibi witness was malicious and warranted relief because it wrongly implied that the unavailable witness would testify unfavorably. *Id.* The same situation is true of the prosecutor's misconduct in this case.

Because the prosecution's repeated statements about the non-available and possibly favorable alibi witness may only be described as misconduct, this Court must now apply the four-part test specified in *United States v. Carroll*, 26 F.3d 1380, 1385 (6th Cir. 1994) to determine whether such was "reversible error" that rendered the trial "fundamentally unfair." The pertinent questions are:

(1) whether the remarks tended to mislead the jury or to prejudice the accused;
(2) whether they were isolated or extensive;
(3) whether they were deliberately or accidentally placed before the jury; and
(4) the strength of the evidence against the accused.

*Id.*

In this Court's judgment, the answers to the first three questions go against the prosecution, but the answer to the fourth question is strongly contrary to the defense. Although the questioning was misleading, somewhat extensive and deliberate, it happened in the context of a case in which there was extremely strong evidence against the accused. The victim was beaten to death. A bloody two-by-four foot plank was found in the victim's car and her wounds were consistent with the use of the plank to bludgeon her to death. The Petitioner has testified that he had not seen the victim after he was left at the house of Darren Ewing (the supposed alibi). However, this testimony was

contradicted by Anthony Givens who specifically identified Petitioner as the man who he saw leaving the victim's house with the board in hand and attempting to leave in the victim's car (which did not start). Four other witnesses--Cheryl Toliver, Rosa Daniels, Noel Malone and Corey Brown--also provided testimony that a man matching Petitioner's general description was seen by them leaving the house the night of the murder with board in hand. Those witnesses' testimonies were consistent and highly credible. Thus, the record is such that habeas relief may not be granted for the trial misconduct. The trial was unfair, but not fundamentally unfair, and the evidence of guilt was sufficiently overwhelming to sustain the verdict. *See also Smith v. Phillips,* 455 U.S. 209, 218-19 (1982) (holding that due process challenges pertaining to prosecutorial misconduct relate primarily to the fairness of the proceedings as opposed to the misconduct of the prosecutor).

Also noteworthy are the limits of the Antiterrorism and Effective Death Penalty Act, 110 Stat. 1214 ("AEDPA"), discussed in *Bailey v. Mitchell,* 271 F.3d 652, 655 (6th Cir. 2001), and other Sixth Circuit cases. The AEDPA authorizes relief only in very limited circumstances and, in large part, confined to circumstances in which the Supreme Court has previously recommended relief. *Id.* In the present case, the argument for habeas relief is pinned upon a Ninth Circuit case, *Leon-Gonzalez*, and, while this Court concurs with *Leon-Gonzalez*'s reasoning, it is an open question whether that reasoning will be adopted by the Supreme Court and extended to cases such as Traylor's case. The Supreme Court case law on habeas relief in the context of prosecutorial misconduct is extremely limited, *see, e.g., Smith v. Phillips*, 455 U.S. at 218-19, and is fair to say that, within that context, it was a "reasonable applicable of federal law" to deny habeas relief to an applicant such as Traylor. *See also Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974) (discussing

5

due process violations); *United States v. Bagley,* 473 U.S. 667, 676 (1985) (same); *Greer v. Miller*, 483 U.S. 756, 765 (1987) (same).

### 2. Lesser Included Offense

Petitioner's remaining claim relates to the trial court's failure to instruct the jury on the lesser included offense of assault with intent to do great bodily harm less than murder. As determined by the Sixth Circuit in *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (*en banc*), in the context of a non-capital case this is not the kind of alleged error which is susceptible to review on collateral attack. Further, the trial record in this case is not one evidencing a fundamental miscarriage of justice permitting relief. *Id.*

To the extent that Petitioner hopes to pin his argument on this issue on the performance of trial counsel and the standards under *Strickland v. Washington,* 466 U.S. 668, 669 (1984), suffice it to say that the *Strickland* standard itself is a "highly deferential" one.

> It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* at 689 (citations omitted).

Indeed, the argument now bandied by Petitioner is one that any reasonable counsel in the exercise of discretion would choose to forego. That is, while trial counsel in this case did seek and receive a second-degree murder instruction, trial counsel was well-advised not to seek an instruction

that the killer (by beating with a blunt object) intended the infliction of harm less than murder. This is especially so since such an instruction would have distracted from and been inconsistent with the fundamental premise of the alibi defense–that someone else committed the murder. As such, all objections shall be denied.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner regarding either of the two issues asserted. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

As the above discussion makes plain, Petitioner's first issue concerning prosecutorial misconduct/repeated comments concerning the failure of Petitioner to call Darren Ewing is an issue certainly warranting the granting of a certificate of appealability given the serious nature of the misconduct. At the same time, the second issue (concerning the failure of the trial court to instruct on the lesser crime of assault with intent to do grave bodily injury less than murder) is patently frivolous and no certificate should be granted on that point.

**APPOINTMENT OF COUNSEL AND PAUPER STATUS**

At the commencement of these proceeding, Petitioner moved for the appointment of counsel on grounds of his indigency and his need for counsel. (Dkt. No. 3.) The Motion was denied by Order of February 28, 2003 of the Magistrate Judge since it did not appear that an evidentiary hearing was necessary. Now, however, the Court has determined that there is a significant issue warranting a certificate of appealability. Furthermore, Sixth Circuit Court of Appeals Internal Operating Procedure 22(b) mandates the appointment of counsel for paupers as to appeals of section 2254 denials. *See* Fed. R. App. P. 22, 6th Cir. I.OP. 22(b). This Court will, therefore, reconsider the denial of counsel for the purpose of facilitating the appeal and avoiding the necessity of a later order of appointment. Also, for the purpose of facilitating appeal, the Court finds that Petitioner is indigent and authorizes him to proceed *in forma pauperis* on appeal consistent with Federal Rule of Appellate Procedure 24.

**CONCLUSION**

Therefore, a Final Order shall issue consistent with the Opinion, denying Petitioner's Objections, dismissing the Petition for Writ of Habeas Corpus with prejudice, granting a certificate of appealability limited to the first issue asserted in the Petition, authorizing him to proceed *in forma pauperis* on appeal, and appointing counsel for the purpose of appeal.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>September 22, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

9